ANTONIO PETRONE, PLAINTIFF, v. THE CITY OF NEWARK, DEFENDANT.

Decided April 4, 1941.

For the plaintiff, *Thomas L. Parsonnel.*

For the defendant, *James F. X. O'Brien.*

SMITH, JOSEPH L., S. C. C. This comes on a motion of the plaintiff to strike out the answer filed by the defendant, upon the ground that the said answer is sham and further, that it sets forth no legal defense to the plaintiff's cause of action. According to the complaint, on May 18th, 1937, the Commissioners of the City of Newark designated Vincent J. Murphy as director of the Department of Revenue and Finance, by resolution, and that on the first day of December, 1937, the said board assigned and distributed to the Department of Revenue and Finance, the executive, administrative, judicial and legislative authority, relating to the Board of Assessments and Revision of Taxes, also by resolution. This Board of Assessments and Revision of Taxes was created by virtue of an ordinance of July 28th, 1937. On September 24th, 1940, Vincent J. Murphy appointed the plaintiff as member of the said Board of Assessments and Revision of Taxes, and the proper notice of such appointment was given to all interested parties. Pursuant to such appointment, the plaintiff qualified for the position, took the oath of office, functioned as such and rendered the usual services of that office. Plaintiff sues for his salary under this appointment.

The defendant denies the legality of the appointment, contending that Vincent J. Murphy did not have this power of appointment; that the power of appointment was vested in the Board of Commissioners by law and by ordinance.

There are no disputes as to the facts in the case and a question of law is presented as to whether or not the plaintiff is entitled to his salary.

Plaintiff contends that he was a *de jure* officer and that his appointment by Vincent J. Murphy was legal and proper. Plaintiff further contends, however, that irrespective of the legality of his appointment, he was, at least, a *de facto* officer, and that having actually rendered his services, he is entitled to his compensation during the time in which he has served.

If the plaintiff was a *de facto* officer, and as such, if he was

entitled to his salary for the time during which he rendered service, it becomes unnecessary to pass upon the question of the legality of his appointment. Ordinarily the doctrine of *de facto* officers applies to the validity of the acts of such officers in respect to the public and to innocent parties. *Von Neida* v. *Bennett,* 117 *N. J. L.* 231; *Erwin* v. *Jersey City,* 60 *Id.* 141 (at *p.* 144).

However, the doctrine of *de facto* officers has not been confined to the validity of the acts of officers as they affect innocent parties, but has also been applied to the rights of such *de facto* officers, to compensation for their services; thus, in the Erwin case, *supra* (at *p.* 149), Chief Justice Magie says:

"That doctrine, applied to the case before us, requires us to hold that one who becomes a public officer *de facto* without dishonesty or fraud, and who has performed the duties of the office, may recover such compensation for those services, as is fixed by law, from the municipality which is by law to pay such compensation."

There are no questions of fraud or dishonesty in the present case; therefore, under the rule of *Erwin* v. *Jersey City, supra,* the plaintiff is entitled to his salary for the time in which he has served, if he was a *de facto* officer. As has been pointed out in the Erwin case, it is difficult to give such a definition to the term *de facto* officer, as would cover all circumstances; however, the definition given in the Erwin case may safely be followed in the present instance. In that case Chief Justice Magie states (at *p.* 144) :

"When an official person or body has apparent authority to appoint to public office, and apparently exercises such authority, and the person so appointed enters upon and performs the duties of such office, his acts will be held valid in respect to the public, whom he represents, and to third persons, with whom he deals officially, notwithstanding there was a want of power to appoint him in the person or body which professed to do so."

This brings us to the question as to whether or not Vincent J. Murphy had apparent authority to appoint the plaintiff to his office. For the purposes of this case, we are not inter-

ested in determining or deciding his actual or legal authority, but only his apparent authority.

It appears from the undisputed facts submitted in the case, that on May 18th, 1937, by resolution, the Board of Commissioners had designated and appointed Vincent J. Murphy as Director of the Department of Revenue and Finance, and on December 1st, 1937, the said board distributed the executive, administrative, judicial and legislative authority relating to the Board of Assessments and Revisions of Taxes, to the director of the Department of Revenue and Finance, except as provided in the said resolution by reference to previous ordinances of the City of Newark, by which ordinances so referred to in the resolution, the Board of Assessment and Revision of Taxes, consisting of five members had been created, the members to be appointed by the Board of Commissioners.

It also appears that as the result of *mandamus* proceedings had in our Supreme Court, judgment was entered on the 29th day of April, 1938, ordering the Board of Commissioners of the City of Newark, to assign and distribute, among other things, the supervision of the Board of Assessments and Revision of Taxes, to certain individual specified department of the city government. As above noted, the plaintiff had been appointed as member of the said Board of Assessments and Revisions of Taxes by Vincent J. Murphy on September 24th, 1940. The judgment of the Supreme Court directing the distribution of the various boards to certain individual specified departments, came after the ordinance and resolution above referred to. Without deciding whether or not, under those circumstances, Vincent J. Murphy had the actual and legal authority to appoint members of the Board of Assessments and Revisions of Taxes, which board had been distributed to him by proper resolution, it appears clear from what transpired, that he had at least the apparent authority to so appoint, justifying the plaintiff to accept such appointment, to act upon it, and to render his services accordingly. The plaintiff having done so, he comes directly under the doctrine expressed in the Erwin case, *supra,* and is entitled to the compensation for services during the time in which he acted and served under this appointment.

For the reasons above stated, the motion to strike the answer as in part sham, and in part insufficient in law, will be granted.

An order will be entered accordingly.